# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINGER OIL COMPANY, LLC., an Oklahoma Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> NEWFIELD EXPLORATION MID-CONTINENT, INC., a Foreign Corporation Domesticated to do Business in Oklahoma; and HALLIBURTON ENERGY SERVICES, INC., a Foreign Corporation Domesticated to do Business in Oklahoma, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-16-768-M |

## ORDER

Before the Court is defendant Newfield Exploration Mid-Continent Inc.'s ("Newfield") Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To Fed. R. Civ. P. 12(b)(6), filed July 22, 2016. On August 5, 2016, plaintiff Singer Oil Company, LLC. ("Singer") filed its response, and on August 11, 2016, Newfield filed its reply. Based upon the parties' submissions, the Court makes its determination.[1]

Singer and Newfield are neighboring oil well owners in Kingfisher County, Oklahoma. Newfield drills horizontally, and Singer owns a nearby producing vertical well-bore. Singer alleges that Newfield started a fracking program without giving advance notice to Singer and that Singer's producing well-bore was damaged as a result. Singer has brought the instant action to recover for the damages to its well-bore.

---

[1] Attached to Singer's response is the Affidavit of Goetz Schuppan. The Court did not consider Mr. Schuppan's affidavit when ruling on Newfield's motion to dismiss.

Newfield now moves this Court to dismiss all of Singer's claims except the claim for actual damages for diminution in value of its Smith No. 1 Well. Specifically, Newfield asserts that on June 29, 2015, Newfield and Singer entered into a Consent and Release Agreement ("Agreement"), wherein the parties agreed that if Newfield disrupted production on one of Singer's wells by performing a hydraulic fracturing operation on a nearby Newfield well, Singer would be entitled to damages which are expressly limited to the diminution in value of the disrupted well. Newfield, therefore, asserts that all of Singer's claims, except the claim for actual damages for diminution in value of its Smith No. 1 Well, should be dismissed in accordance with the express terms and provisions of the Agreement.[2]

Having carefully reviewed the parties' submissions, the Court finds that it would be inappropriate to dismiss all of Singer's claims, except the claim for actual damages for diminution in value of its Smith No. 1 Well, at this stage of the proceedings. While the Agreement does provide that indemnity by Newfield, subject to the terms of the Agreement, "shall be the sole and exclusive remedy that Singer shall have against Newfield" with respect to its vertical wells, the Agreement also provides that if Newfield and Singer are unable to agree regarding selection of a third party engineer and/or the amount of compensation which may be due to Singer, "then, without limitation to the waivers provided in this Agreement, Singer may seek such relief as it deems reasonable and appropriate without regard to the existence of the other Sections of this Agreement." Consent and Release Agreement, attached as Exhibit 1 to Newfield's motion to dismiss, at 2-3. Without further factual development and presentation to the Court, the Court is unable to determine which provision

---

[2]In its motion to dismiss, Newfield does not dispute the sufficiency of the factual allegations in Singer's Petition. Newfield solely contends that Singer's claims should be dismissed based upon the Agreement.

would govern, the provision limiting Singer to indemnity for the diminution in value of the disrupted well or the provision allowing Singer to seek such relief as it deems reasonable and appropriate. Additionally, the Agreement provides that "Newfield shall not permit or drill a horizontal well that has a completion interval that is closer than 220 feet to an Existing Vertical Well without the express written consent of Singer" and that "Newfield shall provide Singer with 48 hours' written notice prior to commencement of any completion operations on said Newfield Horizontal." *Id.* at 2. Singer asserts that Newfield drilled a horizontal well that was 206 feet from the Smith No. 1 Well and that Newfield did not provide Singer with notice prior to the hydraulic fracturing. It is unknown at this juncture in the case whether Newfield disputes these assertions and what impact these assertions, if true, would have on the enforceability of the other provisions, such as the provision limiting Singer to indemnity for the diminution in value of the disrupted well, of the Agreement. Further, in its reply, Newfield states:

> However, a clear reading of the Agreement reveals that an overarching release or hold harmless provision for gross negligence or willful misconduct was never the intent. Rather, the clause contained in the Agreement and discussed in Newfield's Motion involves only a limitation on damages if an accidental injury occurred – i.e., simple negligence.

Newfield's Reply to Plaintiff's Response to Newfield's Motion to Dismiss and Brief in Support at 6. In its Petition, however, Singer alleges both gross negligence and willful misconduct. To the extent that Singer's claims are based upon gross negligence and/or willful misconduct, such claims would not be subject to the Agreement.

Accordingly, the Court DENIES Newfield's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To Fed. R. Civ. P. 12(b)(6) [docket no. 12].

**IT IS SO ORDERED this 30th day of August, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE