# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINGER OIL COMPANY, LLC., an Oklahoma Limited Liability Company;<br><br>Plaintiff(s),<br><br>v.<br><br>NEWFIELD EXPLORATION MID-CONTINENT INC., a Foreign Corporation Domesticated to do Business in Oklahoma; and<br><br>HALLIBURTON ENERGY SERVICES, INC., a Foreign Corporation Domesticated to do Business in Oklahoma,<br><br>Defendant(s). | Case No. <u>CIV-16-768-M</u><br><br>Removed from the District Court, of Kingfisher County, Oklahoma, Case No. CJ-2016-28 |

## DEFENDANT, NEWFIELD EXPLORATION MID-CONTINENT INC.'S MOTION TO CERTIFY A QUESTION OF LAW TO THE <u>OKLAHOMA SUPREME COURT AND BRIEF IN SUPPORT</u>

Defendant, Newfield Exploration Mid-Continent Inc., for its Motion to Certify a Question of Law to the Oklahoma Supreme Court, respectfully moves this Court to certify the following question of law to the Oklahoma Supreme Court, pursuant to 20 O.S. § 1601, *et seq.*:

**Is hydraulic fracturing as it is utilized in the oil and gas industry an ultrahazardous and inherently dangerous activity under Oklahoma law?**

In the event the Court grants this Motion, Newfield respectfully requests that the Court direct the parties to make a good faith effort to arrive a mutually agreed brief statement of pertinent facts relevant to the certified question, pursuant to 20 O.S. § 1604. Newfield anticipates that the parties would be able to arrive at an agreed statement of pertinent facts for inclusion in the Certification Order that is issued by the Court. In

support of this Motion, Newfield respectfully shows the Court as follows:

## FACTUAL BACKGROUND

1. Plaintiff, Singer Oil Company, LLC's ("Plaintiff"), claims in this case center around its allegations that Newfield disrupted the production from Plaintiff's marginal, vertical oil and gas well when Newfield was in the process of completing its Edgar 1H-18X well (the "Edgar Well"), a horizontal well which was drilled laterally through the W/2 of Sections 18 and 19-16N-6W, Kingfisher County, Oklahoma. Newfield's Edgar Well was completed utilizing hydraulic fracturing, the most widely-used completion technique in the American oil and gas industry today.

2. As part of the allegations contained in its Petition [Doc. 01-01], Plaintiff alleges the following:

> **Presumption of Negligence; Ultrahazardous & Inherently Dangerous.**
>
> Underground hydraulic fracturing is an inherently dangerous activity. If damages are caused by underground hydraulic fracturing, Oklahoma law presumes the negligence of those who engage in ultra-hazardous activities. Plaintiff's injuries, herein stated were proximately caused by the dangerous instrumentality or condition maintained by the Defendants, and each of them. The Defendants, and each of them, did not exercise care commensurate with the risk involved and did affirmatively fail to guard against injuries to others, particularly injury to this Plaintiff. The injuries suffered by Plaintiff as a result of the Defendants' underground hydraulic fracturing were foreseeable to those Defendants.

(*See* Plaintiff's Petition [Doc. 01-01], p. 4 at ¶8) (emphasis in original).

3. The legal question presented above and raised by Plaintiff in its Petition is one which has not been addressed by any published decision of the Oklahoma Supreme

Court or the Oklahoma Court of Civil Appeals.[1] Accordingly, an answer for such question has not been provided by any controlling decision of the Oklahoma Supreme Court or any controlling Oklahoma constitutional or statutory provision. Thus, this is a question of first impression under Oklahoma law.

4. The answer to the legal question presented above will be determinative of the issue of whether Newfield may or may not be held strictly liable in tort in this case.

5. If this Court certifies this legal question of first impression to the Oklahoma Supreme Court, the pending litigation would be considerably assisted by being provided an answer as to the strict liability (or absence thereof) of Newfield—a major component of this case. Moreover, an answer from the Oklahoma Supreme Court would set binding precedent and provide clarity to oil and gas companies operating in Oklahoma, as well as oil and gas legal practitioners, regarding this question which has been raised with increasing frequency over the last several years.[2]

In support of this Motion, Newfield respectfully submits the following arguments

---

[1] Although not totally conclusive, counsel for Newfield has also been unable to find any unpublished Oklahoma opinion which addresses this question.

[2] In the past five (5) years, the "STACK" and "SCOOP" prospects in Oklahoma have become two of the most prolific oil and gas plays in the United States. The meteoric rise of these two plays has spawned litigation by small oil and gas companies claiming that hydraulic fracturing endangers their old, vertical oil and gas wells. Hydraulic fracturing is the predominant, if not exclusive, completion technique used in the horizontal oil and gas wells being drilled and completed by dozens of companies in those two prospects in Oklahoma.

and authorities to this Court:

## ARGUMENTS AND AUTHORITIES

I. **CERTIFICATION IS PARTICULARLY APPROPRIATE IN THIS CASE.**

A. **Standard for Certification.**

"The [Oklahoma] Supreme Court…may answer a question of law certified to it by a court of the United States…if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state." 20 O.S. § 1602. Certification of a question of law to a state supreme court is within the discretion of the federal district court. *See Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). However, "it is well-established law in [the Tenth Circuit] that certification is **particularly appropriate** where the legal question at issue is novel and the applicable state law is unsettled." *Neustrom v. Union Pac. R. Co.*, 156 F.3d 1057, 1065 (10th Cir. 1998) (emphasis added) (citing *Allstate Ins. Co. v. Brown,* 920 F.2d 664, 667 (10th Cir.1990)). Certification "does, of course, in the long run save time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros. v. Schein*, 416 U.S. at 391 (citing Charles Alan Wright, *The Federal Courts and the Nature and Quality of State Law*, 13 Wayne L. Rev. 317 (1967) and others).

### B. This Novel, Unaddressed Question of Law is of Great Importance in Oklahoma.

It goes without saying that oil and gas is one of Oklahoma's most important industries, and by far the largest creator of economic activity in the state. (*See* September 2016 Report of the State Chamber of Oklahoma regarding the Economic Impact of the Oil & Gas Industry on Oklahoma, attached hereto as Exhibit 1, p. 4). Moreover, the industry as a whole is Oklahoma's largest taxpayer, and employs nearly 20% of wage and salary workers and self-employed individuals in the state. (*See Id.* at p. 1-4). Of course, the indirect benefits of the industry are too numerous to mention, as the economic benefits of oil and gas activity touch the lives of a great majority of the state's citizens.

As Oklahoma's appellate courts have stated many times, there is a "public interest in the orderly development and production of [oil and gas] resources" in this state. *See, e.g.*, *Samson Res. Co. v. Corp. Comm'n*, 1985 OK 31, ¶10, 702 P.2d 19, 22; *Tenneco Oil Co. v. El Paso Nat. Gas Co.*, 1984 OK 52, ¶18, 687 P.2d 1049, 1052. This Court echoed this sentiment in 2011 when it stated:

> "[t]he greater the number of parties allowed to explore, the more exploration will occur and the greater will be the potential for development of the land."

*Kimzey v. Flamingo Seismic Sols., Inc.*, Case No. CIV-10-906-M, 2011 WL 2923877 at *2 (W.D. Okla. July 19, 2011) (Miles-LaGrange, J.) (quoting *Mustang Prod. Co. v. Texaco, Inc.*, 754 F.2d 892, 895 (10th Cir.1985) and *Roye Realty & Developing, Inc. v. S. Seismic,* 711 P.2d 946, 948 (Okla.Civ.App.1985)).

As one of Oklahoma's most important industries, it is vital that oil and gas companies operating in this state are aware of the legal ramifications of utilizing the most advanced completion technologies—*i.e.*, hydraulic fracturing. If hydraulic fracturing were deemed to be an "ultrahazardous and inherently dangerous activity" under Oklahoma law, any companies utilizing this technology—which are all of them in the STACK and SCOOP prospects—could be held to be strictly liable for any damage they cause, regardless of whether they were acting as reasonable and prudent oil and gas companies in all respects. Such ruling would have a chilling effect on oil and gas activity that is impossible to overemphasize. Further, not only is the question unresolved, but completely unaddressed by Oklahoma courts to this point. Thus, resolution of this question is vitally important, and this case squarely presents the Oklahoma Supreme Court with the opportunity to do so.

**II. CERTIFICATION IS DESIRABLE TO PROVIDE CLARITY TO OIL AND GAS COMPANIES OPERATING IN OKLAHOMA, AS WELL AS OIL AND GAS LEGAL PRACTITIONERS.**

Although this question remains unaddressed in Oklahoma, a recent ruling from a sister federal court gives guidance. This exact question was presented to the United States District Court for the Middle District of Pennsylvania in *Ely v. Cabot Oil & Gas Corp.*, 38 F. Supp. 3d 518 (M.D. Pa. 2014).[3] In the first sentence of its order, the court squarely

---

[3] This case was closely watched by oil and gas practitioners in numerous states since it was one of the first cases in federal court in which a plaintiff advanced the theory that hydraulic fracturing was an ultrahazardous and inherently dangerous activity.

framed the issue as follows:

> In this case we are invited to take a step which no court in the United States has chosen to take, and declare hydraulic fracturing to be an ultra-hazardous activity that gives rise to strict tort liability.

*Ely v. Cabot Oil & Gas Corp.*, 38 F. Supp. 3d at 519. In making his recommendation to the District Court, the Magistrate Judge explained the rationale for his finding as follows:

> [R]eview of the law in this field shows that for decades, courts have uniformly refused to find that oil and natural gas drilling and related activities are ultra hazardous or abnormally dangerous, and thus have found that such activities are not subject to strict liability under tort law. Instead, courts consistently have found that claims for property damage and personal injury allegedly resulting from natural gas drilling operations are governed by the more traditional negligence principles.
>
> Accordingly, for the reasons that follow, **it is recommended that the Court decline the Plaintiffs' invitation to become the first court in this or any other jurisdiction to conclude that such natural gas drilling operations constitute abnormally dangerous activities**, and should find as a matter of law that natural gas drilling operations and hydraulic fracturing are not abnormally hazardous activities on the basis of the record developed in this case, and grant summary judgment in the defendants' favor on this specific claim.

*Ely v. Cabot Oil & Gas Corp.*, 38 F. Supp. 3d at 520 (emphasis added). The district court adopted the report and recommendation of the Magistrate Judge in its entirety, and held that hydraulic fracturing is not an ultrahazardous or abnormally dangerous activity under Pennsylvania law. *See Ely v. Cabot Oil & Gas Corp.*, 38 F. Supp. at 519.

Just as in Pennsylvania, Oklahoma courts utilize the six-factor test announced in the Restatement (Second) of Torts to determine whether an activity should be deemed ultrahazardous and inherently dangerous. Those six factors are:

1. existence of a high degree of risk of some harm to the person, land or chattels of others;
2. likelihood that the harm that results from it will be great;
3. inability to eliminate the risk by the exercise of reasonable care;
4. extent to which the activity is not a matter of common usage;
5. inappropriateness of the activity to the place where it is carried on; and
6. extent to which its value to the community is outweighed by its dangerous attributes.

*See Taylor v. Hesser*, 1998 OK CIV APP 151, ¶18, 991 P.2d 35, 39 (adopting the six-factor test announced in the Restatement (Second) of Torts, § 520); *Reece v. AES Corp.*, Case No. CIV-12-0457-JH, 2014 WL 61242 at *7 (Jan. 8, 2014) (citing *Taylor v. Hesser*, 991 P.2d at 39), *aff'd, Reece v. AES Corp.*, 638 Fed. Appx. 755 (10th Cir. 2016)).

While Newfield anticipates that the Oklahoma Supreme Court would reach the same conclusion as did the Pennsylvania Federal District Court, it is mere speculation at this point. A very small number of other courts around the country have been presented with the same question in recent years, but it has not been affirmatively adjudicated in those other cases as the rulings have left the issue for a later date or disposed of the claims on some other grounds. Thus, the question remains novel and completely unresolved, not only in Oklahoma, but around the country. This case presents the perfect opportunity for the Oklahoma Supreme Court to issue an opinion on a very important question of law for major oil and gas producing states. Accordingly, certification is highly desirable to provide clarity to oil and gas companies operating in Oklahoma, as well as oil and gas legal practitioners, on this vitally important question of law, not only in this case, but for the years to come in Oklahoma.

## CONCLUSION

The importance of the question of law Newfield is asking this Court to certify cannot be overstated. In a jurisdiction where oil and gas is one of the most important industries, clarity on legal issues such as strict liability—or the lack thereof—for utilization of the industry's most widely-used completion technique is not only desirable, but essential. Therefore, the state's highest court should be given the opportunity to address the question and affirmatively resolve it. This case presents the ideal opportunity to do so since the novel question is squarely at issue and it will be determinative of one of the major issues in the case.

THEREFORE, Newfield respectfully requests that this Court certify the legal question of whether hydraulic fracturing, as it is utilized in the oil and gas industry, constitutes an ultrahazardous and inherently dangerous activity under Oklahoma law to the Oklahoma Supreme Court. If this request is granted, Newfield further asks that the Court direct all parties to make a good faith effort to arrive a mutually agreed brief statement of pertinent facts relevant to the question for inclusion in the Court's Certification Order pursuant to 20 O.S. § 1604.

                                Respectfully submitted,

Dated: June 30, 2017.              /s/ John Paul Albert
                                        Gregory L. Mahaffey, OBA #5626
                                        Brady L. Smith, OBA #30727
                                        John Paul Albert, OBA #31933
                                        **MAHAFFEY & GORE, P.C.**
                                        300 N.E. 1st Street
                                        Oklahoma City, OK 73104
                                        Telephone: (405) 236-0478
                                        Facsimile: (405) 236-1840
                                        gmahaffey@mahaffeygore.com
                                        bsmith@mahaffeygore.com
                                        jalbert@mahaffeygore.com
                                        *Attorneys for Defendant, Newfield Exploration Mid-Continent Inc.*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 30th day of June, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Steven D. Singer<br>324 West Maine Street<br>Enid, Oklahoma 73701<br>Telephone: (580) 237-3311<br>Facsimile: (580) 242-3311<br>sds@sdsinger.com<br>***Attorney for Plaintiff*** | Gerald P. Green<br>Hailey M. Hopper<br>**PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP**<br>1109 N Francis Ave<br>Oklahoma City, OK  73106<br>Telephone: (405) 235-1611<br>Facsimile: (405) 235-2904<br>jgreen@piercecouch.com<br>hhopper@piercecouch.com<br>***Attorneys for Defendant, Halliburton Energy Services, Inc.*** |

               /s/ John Paul Albert
               John Paul Albert

4876.1077