IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

SINGER OIL COMPANY, LLC, an )
Oklahoma limited liability company, )
 )
           Plaintiff, )
 )
vs. ) Case No. CIV-16-768-M
 )
NEWFIELD EXPLORATION )
MID-CONTINENT, INC., a foreign )
corporation domesticated to do business )
in Oklahoma, and )
HALLIBURTON ENERGY SERVICES, )
INC., a foreign corporation domesticated )
to do business in Oklahoma, )
 )
           Defendants. )

# ORDER

This case is scheduled for trial on the Court's November 2017 trial docket.

Before the Court is defendant Halliburton Energy Services, Inc.'s ("Halliburton") Motion for Summary Judgment, filed July 25, 2017. On August 8, 2017, plaintiff filed its response, and on August 15, 2017, Halliburton filed its reply. On September 20, 2017, plaintiff filed its supplemental response and objection, and on September 26, 2017, Halliburton filed its reply to plaintiff's supplemental response and objection. Based on the parties' submissions, the Court makes its determination.

I.      Introduction

Plaintiff and defendant Newfield Exploration Mid-Continent, Inc. ("Newfield") are neighboring oil well owners in Kingfisher County, Oklahoma. Newfield drills horizontally, and Singer owns a nearby producing vertical well-bore. Plaintiff alleges that Newfield engaged in

1

hydraulic fracturing and that plaintiff's producing well-bore was damaged as a result. Newfield hired Halliburton to provide the hydraulic fracturing services.

On June 9, 2016, plaintiff filed the instant action. Plaintiff alleges negligence claims against Halliburton. Halliburton now moves this Court for summary judgment on all of plaintiff's claims against it.[1]

II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

---

[1] In its response, plaintiff asserts that Halliburton's motion for summary judgment is untimely. On July 14, 2017, this Court entered an order granting Newfield's motion to continue dispositive motion deadline and continuing the dispositive motion deadline to July 31, 2017. Although the motion to continue was filed by Newfield, the continuance of the dispositive motion deadline applied to all parties in this case. Halliburton filed the instant motion for summary judgment on July 25, 2017, well before the July 31, 2017 deadline. Halliburton's motion, therefore, is timely.

*Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. Discussion

"It is fundamental that three elements must be shown in order to establish actionable negligence: (1) existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom." *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1211 (Okla. 2008). Halliburton asserts that plaintiff has failed to come forth with any evidence showing that Halliburton breached any duty to plaintiff or that any such breach was the proximate cause of plaintiff's claimed damages. Halliburton, therefore, contends that it is entitled to summary judgment.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Halliburton is entitled to summary judgment as to plaintiff's claims against it. Specifically, the Court finds that plaintiff has failed to present sufficient evidence showing that Halliburton breached any duty to plaintiff. The only evidence submitted by plaintiff as to this element are the statement contained in the affidavit of Goetz Schuppan, the business managing member of plaintiff, that Halliburton gave plaintiff no advance notice of the hydraulic fracturing and the opinion of plaintiff's expert J. Daniel Arthur that neither Newfield nor its contractor (Halliburton) provided prior notification to plaintiff regarding the timing of the hydraulic fracturing. Plaintiff, however, does not present any evidence or legal support that Halliburton, in addition to Newfield, was required to provide such notice. Further, even assuming plaintiff has submitted sufficient evidence to show that Halliburton breached its duty to plaintiff by failing to provide notification to plaintiff prior to the hydraulic fracturing, the Court finds that

plaintiff has failed to submit any evidence that said breach (the failure to notify) was the proximate cause of plaintiff's injury.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Halliburton's Motion for Summary Judgment [docket no. 65].

**IT IS SO ORDERED this 6th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE