IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINGER OIL COMPANY, LLC, an Oklahoma limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-768-M ) |
| NEWFIELD EXPLORATION MID-CONTINENT, INC., a foreign corporation domesticated to do business in Oklahoma, and HALLIBURTON ENERGY SERVICES, INC., a foreign corporation domesticated to do business in Oklahoma, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This case is scheduled for trial on the Court's November 2017 trial docket.

Before the Court is defendant Newfield Exploration Mid-Continent, Inc.'s ("Newfield") Motion for Partial Summary Judgment, filed July 3, 2017. On July 24, 2017, plaintiff filed its response. On July 31, 2017, Newfield filed its reply, and on August 22, 2017, Newfield filed its supplement to its motion for partial summary judgment. On September 20, 2017, plaintiff filed its supplemental response and objection, and on September 27, 2017, Newfield filed its reply to plaintiff's supplemental response and objection. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

Effective January 1, 2015, plaintiff became the owner and operator of the Smith No. 1 Well, located in the NW/4 of Section 18-16N-6W, Kingfisher County, Oklahoma, which has produced from the Big Lime, Skinner, and Mississippi Lime formations (the "Smith Well"). In

1

early 2015, Newfield began planning to drill the Edgar 1H-18X well (the "Edgar Well"), a horizontal well which was to be drilled laterally through the W/2 of Sections 18 and 19-16N-6W, Kingfisher County, Oklahoma, and to be completed in the Mississippi formation. In anticipation that Newfield's operations could potentially, temporarily disrupt production from the Smith Well or others during Newfield's completion operation of the Edgar Well and others in the area, Newfield and plaintiff entered into negotiations for an agreement in or about June 2015. On June 30, 2015, Newfield sent a proposed draft of the Consent and Release Agreement to plaintiff for review and comment. Newfield and plaintiff entered into the Consent and Release Agreement, effective June 29, 2015.

On June 9, 2016, plaintiff filed the instant action. Plaintiff alleges that when Newfield engaged in hydraulic fracturing during the completion operation of the Edgar Well, the Smith Well was damaged as a result. In its petition, plaintiff alleges various contract claims and negligence claims against Newfield. Plaintiff also seeks punitive damages. Newfield now moves for summary judgment on all of plaintiff's claims except the claim for actual damages for diminution in value of the Smith Well.

II.  Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

2

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.  Discussion

In its motion for partial summary judgment, Newfield asserts that plaintiff knowingly and intentionally waived all claims for damages except a claim for actual damages for diminution in value of the Mississippi formation in the Smith Well in the Consent and Release Agreement. Newfield further asserts that it cannot be held to be negligent per se since it drilled and completed the Edgar Well in accordance with all rules and regulations of the Oklahoma Corporation Commission. Finally, Newfield asserts that plaintiff cannot prove any facts which might otherwise entitle it to punitive damages.

    A.  Consent and Release Agreement

Newfield asserts that under the Consent and Release Agreement, plaintiff has waived all claims for damages in this case except a claim for actual damages for diminution in value of the Mississippi formation in the Smith Well. The Consent and Release Agreement provides, in pertinent part:

> Irrespective of whether Singer has consented to the drilling of a Newfield Horizontal, if Singer believes that its ultimate recovery of hydrocarbons from the currently producing interval of any Affected Existing Vertical Well that is attributable to such Newfield Horizontal has been permanently decreased (or said well is otherwise adversely affected) as a result of a Newfield Horizontal,

3

then Singer shall within ninety (90) days after the conclusion of the completion operations on the applicable Newfield Horizontal (such date with respect to each Newfield Horizontal, the "Claim Deadline") provide Newfield with written notice of any claims that Singer has that such Newfield Horizontal has caused any such adverse effect or decrease in production along with supporting information reasonably necessary for Newfield to verify the existence and accuracy of such claim (each such notice a "Claim Notice").  To the extent that prior to the Claim Deadline for each Newfield Horizontal Singer does not provide Newfield with a Claim Notice with respect to Affected Existing Vertical Wells attributable to such Newfield Horizontal, Singer shall be deemed to have waived any and all rights, claims or causes of action to recovery of damages or otherwise with respect to any such Affected Existing Vertical Wells (including, without limitation, any rights to indemnification pursuant to this Agreement that are attributable to such Newfield Horizontal.)  From and after receipt of a Claim Notice by Newfield, the Parties will thereafter enter into good faith negotiations to resolve the amount of compensation, if any, to which Singer owns an interest in the applicable Affected Existing Vertical Well(s) that are the subject of such Claim Notice may be entitled and which are determined to have been caused by the applicable Newfield Horizontal.  Such good faith negotiations shall give preference to (but shall not mandate) the selection of a mutually satisfactory third party engineer for purposes of providing a binding determination as to the amount of compensation, if any, to Singer which owns an interest in the applicable Affected Existing Vertical Well(s) shall be entitled to receive.  If after such negotiations, the Parties are unable to agree regarding selection of a third party engineer and/or the amount of compensation which may be due to Singer which owns an interest in the applicable Affected Existing Vertical Well(s) at issue, then, without limitation to the waivers provided in this Agreement, Singer may seek such relief as it deems reasonable and appropriate without regard to the existence of the other Sections of this Agreement.

Without limiting the foregoing, the Parties represent, acknowledge and agree that Newfield shall indemnify and reimburse Singer for the diminution in value to the interests of Singer in any Affected Existing Vertical Well to the extent determined to have been caused by the drilling, operation and/or production of a Newfield Horizontal attributable to such Affected Existing Vertical Well(s) and such indemnity (subject to the terms of this Agreement shall be the sole and exclusive remedy that Singer shall have against Newfield with respect to such Affected Existing Vertical Wells.  Notwithstanding anything in this Agreement to the

> contrary, the "**diminution in value**" with respect to any Affected Existing Vertical Well noted in this Agreement shall be limited to the decrease in the new present value of the remaining hydrocarbon reserves ultimately recoverable from the Mississippian formation from the Affected Existing Vertical Well that was caused by the drilling, operation and/or production from the applicable Newfield Horizontal.

Consent and Release Agreement at 2-3.

Newfield relies upon the second paragraph set forth above to support its assertion that plaintiff has waived all claims for damages except a claim for actual damages for diminution in value of the Mississippi formation in the Smith Well and that Newfield, therefore, is entitled to summary judgment as to plaintiff's negligence claims. Plaintiff, on the other hand, relies upon the last sentence of the first paragraph set forth above to support its contention that it is not restricted in the claims it can make.

Upon review of the two paragraphs of the Consent and Release Agreement set forth above, the Court finds that those paragraphs are clearly contradictory and inconsistent. The end of the first paragraph purports to allow plaintiff, "without limitation to the waivers provided in this Agreement", to seek such relief, i.e., bring such claims, as it deems reasonable and appropriate "without regard to the existence of the other Sections of this Agreement." The second paragraph purports to provide that Newfield's indemnity "shall be the sole and exclusive remedy that Singer shall have against Newfield with respect to such Affected Existing Vertical Wells." The Court further finds such inconsistency and contradiction makes the Consent and Release Agreement ambiguous.

"If terms in the contract are ambiguous, it must be construed against the drafter of the contract." *McMinn v. City of Okla. City*, 952 P.2d 517, 522 (Okla. 1997) (internal citations omitted). In the case at bar, it is undisputed that Newfield drafted the contract. The Court,

therefore, finds that the terms at issue should be construed against Newfield. Accordingly, construing the above terms against Newfield, the Court finds that plaintiff is not limited in its remedies to only a claim for actual damages for diminution in value of the Mississippi formation in the Smith Well but that plaintiff can bring any claim that it deems reasonable and appropriate.

### B. Plaintiff's claim for negligence per se

Newfield asserts that it cannot be held to be negligent per se since it drilled and completed the Edgar Well in accordance with all rules and regulations of the Oklahoma Corporation Commission. In its response, plaintiff does not specifically address Newfield's arguments regarding plaintiff's claim for negligence per se. The Court, accordingly, finds that plaintiff has confessed this portion of Newfield's motion for partial summary judgment. Therefore, the Court finds that Newfield is entitled to summary judgment as to plaintiff's claim for negligence per se.

### C. Plaintiff's request for punitive damages

Newfield contends that plaintiff cannot prove any facts which might otherwise entitle it to punitive damages. In order for a plaintiff to be awarded punitive damages, a jury must find by clear and convincing evidence that the defendant has been guilty of reckless disregard for the rights of others or that the defendant has acted intentionally and with malice towards others. *See* Okla. Stat. tit. 23, § 9.1. The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that Newfield is entitled to summary judgment as to plaintiff's request for punitive damages. Specifically, the Court finds that plaintiff has not set forth sufficient evidence to create a genuine issue of material fact as to whether Newfield was guilty of reckless disregard for the rights of others or acted intentionally and with malice towards others. In fact, the Court finds plaintiff has submitted no evidence which would

tend to show that Newfield was guilty of reckless disregard for the rights of others or acted intentionally and with malice towards others.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Newfield's Motion for Partial Summary Judgment [docket no. 39] as follows:

(A) The Court GRANTS the motion for partial summary judgment as to plaintiff's claim for negligence per se and plaintiff's request for punitive damages, and

(B) The Court DENIES the motion for partial summary judgment in all other respects.

**IT IS SO ORDERED this 10th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE