# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINGER OIL COMPANY, LLC, an Oklahoma Limited Liability Company, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. CIV-16-768-M ) |
| NEWFIELD EXPLORATION MID-CONTINENT, INC., and HALLIBURTON ENERGY SERVICES, INC., | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion *in Limine*, or in the Alternative, *Daubert* Motion ("Negligence" Expert Dan Reineke, Petroleum Engineer.), filed October 2, 2017. On October 13, 2017, defendant Newfield Exploration Mid-Continent, Inc. ("Newfield") filed its response. Plaintiff has filed no reply. Based upon the parties' submissions, the Court makes its determination.

Dan Reineke is a petroleum engineer who was retained as an expert witness by Newfield. Plaintiff moves this Court to prohibit Newfield from introducing Mr. Reineke's expert report and/or soliciting expert testimony from Mr. Reineke on the issue of negligence. Plaintiff asserts that it would be improper for Mr. Reineke to testify as to the ultimate issue of whether Newfield was negligent, to define the law for the jury, or to weigh the evidence in reaching his conclusions. Newfield acknowledges that Mr. Reineke may not render any opinion on the ultimate issue of whether or not Newfield was "negligent;" however, Newfield asserts that Mr. Reineke may give his opinion regarding the standard of care to be used in this case since he is a qualified expert in oil and gas, as well as his opinion on whether or not Newfield breached that standard of care.

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.[1]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

---

[1] It does not appear that plaintiff is challenging Mr. Reineke's qualifications.

The "*Daubert* factors" that *may* be considered in assessing the reliability of proposed expert testimony are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The focus [of the inquiry] . . . must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "However, an expert's conclusions are not immune from scrutiny: A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (internal quotations and citation omitted).

Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Tenth Circuit has explained the appropriate analysis as follows:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is "generally accepted" in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.

*Truck Ins. Exch.*, 360 F.3d at 1210 (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

The parties agree that Mr. Reineke may not render any opinion at trial on the ultimate issue of whether or not Newfield was negligent in completing its Edgar Well. Additionally, having reviewed the parties' submissions, Mr. Reineke's expert report, and the deposition testimony submitted, the Court finds that it does not appear that Mr. Reineke intends to testify regarding the law applicable to this case. The Court further finds that Mr. Reineke has not improperly weighed the evidence in this case in reaching his opinions. Finally, the Court finds that Mr. Reineke may render expert opinions as to the standard of care and whether that standard was breached. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) ("Oklahoma law generally requires expert testimony to establish the standard of care."); *Ho v. Michelin N. Am., Inc.*, 520 F. App'x 658, 667 (10th Cir. 2013); *Johnson v. Hillcrest Health Ctr., Inc.*, 70 P.3d 811, 817 (Okla. 2003) (applicable standard of care and deviations therefrom causing injury are ordinarily established by expert testimony). Specifically, the Court finds that the industry standards in drilling and completing oil and gas wells, especially as to hydraulic fracturing, are not a subject which the ordinary lay juror would be able to understand absent expert testimony.

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion *in Limine*, or in the Alternative, *Daubert* Motion ("Negligence" Expert Dan Reineke, Petroleum Engineer.) [docket no. 90] as follows:

(A) The Court GRANTS the motion as to any opinion on the ultimate issue of whether or not Newfield was negligent, and

(B) The Court DENIES the motion in all other respects.

**IT IS SO ORDERED this 25th day of October, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE