# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SINGER OIL COMPANY, LLC,<br>an Oklahoma Limited Liability Company, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. CIV-16-768-M |
| NEWFIELD EXPLORATION<br>MID-CONTINENT, INC., and<br>HALLIBURTON ENERGY SERVICES,<br>INC., | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

## ORDER

Before the Court is defendant Newfield Exploration Mid-Continent, Inc.'s ("Newfield") *Daubert* Motion to Exclude Certain Testimony of Plaintiff's Expert Witness Daniel Arthur, filed October 2, 2017. On October 16, 2017, plaintiff filed its response. Newfield has filed no reply. Based upon the parties' submissions, the Court makes its determination.

Newfield moves this Court to bar plaintiff's expert witness, Daniel Arthur, from testifying at trail as to certain matters. Specifically, Newfield asserts that Mr. Arthur should not be allowed to testify regarding his opinions as to (1) the notice given by Newfield to plaintiff prior to the commencement of the completion of the Edgar Well, (2) Newfield's plan to mitigate the risk of communication with plaintiff's well, and (3) the Consent and Release Agreement entered into between plaintiff and Newfield.

Federal Rule of Evidence 702 governs the admissibility of expert testimony based upon scientific, technical, or other specialized knowledge. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>> (b) the testimony is based on sufficient facts or data;
>> (c) the testimony is the product of reliable principles and methods; and
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.[1]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

The "*Daubert* factors" that *may* be considered in assessing the reliability of proposed expert testimony are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known

---

[1] It does not appear that plaintiff is challenging Mr. Reineke's qualifications.

2

or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Further, when expert testimony is challenged under *Daubert*, the burden of proof regarding admissibility rests with the party seeking to present the testimony. *Truck Ins. Exch. v. Magnetek, Inc.*, 360 F.3d 1206, 1210 (10th Cir. 2004). "The focus [of the inquiry] . . . must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "However, an expert's conclusions are not immune from scrutiny: A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (internal quotations and citation omitted). Additionally, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

The Tenth Circuit has explained the appropriate analysis as follows:

> The plaintiff need not prove that the expert is undisputably correct or that the expert's theory is "generally accepted" in the scientific community. Instead, the plaintiff must show that the method employed by the expert in reaching the conclusion is scientifically sound and that the opinion is based on facts which sufficiently satisfy Rule 702's reliability requirements.

*Truck Ins. Exch.*, 360 F.3d at 1210 (quoting *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

I.  Opinion Regarding Notice

In his report, Mr. Arthur reaches the following opinion regarding whether Newfield gave plaintiff proper notice of the Edgar Well completion:

> Neither [Newfield] nor its contractor provided prior notification to Singer Oil Company, LLC, (Singer) regarding the timing of the HVHHF work performed on the Edgar 1H-18X. Prior notification of hydraulic fracturing operations in horizontal wells is required to be made to operators of producing wells "in the same common source of supply" and within ½ mile of the completion interval of the subject horizontal well, 5 business days in advance of the commencement of the hydraulic fracturing operation, per *Oklahoma Administrative Code*, Title 165: *Corporation Commission*, Chapter 10: *Oil and Gas Conservation*, Subchapter: 3. *Drilling, Developing, and Producing*, Part 3. *Completions*, Section 165:10-3-10 *Well Completion Operations* (see **Appendix M-OAC Section 165:10-3-10).**

Expert Evaluation of Singer Oil Company, LLC v. Newfield Exploration Mid-Continent, Inc. at 2, ¶ 6. Newfield contends that this opinion is incorrect based upon the evidence. Newfield further contends that any expert testimony on the issue of notice is wholly improper in this case as the jury is more than capable of deciding the issue of notice without any testimony by experts.

Having carefully reviewed the parties' submissions, as well as Mr. Arthur's expert report, the Court finds that Mr. Arthur's opinion regarding notice should not be excluded. Specifically, the Court finds that Mr. Arthur's opinion is not clearly incorrect based upon the evidence. It would appear that notice regarding the well path and the various administrative hearings before the

4

Oklahoma Corporation Commission is different than the required five-day notice of an impending frac and that an expert would be required to testify whether and how the types of notices are different. Finally, the Court finds that the majority of the objections Newfield has to Mr. Arthur's opinion go to the weight, and not the admissibility, of this opinion and that during cross-examination, Newfield may thoroughly question Mr. Arthur regarding all of the alleged deficiencies in his opinion.

II.     Opinion Regarding Newfield's Plan to Mitigate the Risk

Newfield contends that Mr. Arthur's opinion regarding Newfield's plan to mitigate the risk of communication with plaintiff's well is irrelevant and is improper as it is purely speculative. Newfield further contends that this opinion is outside the scope of Mr. Arthur's professed area of expertise. Having carefully reviewed the parties' submissions, the Court finds that Mr. Arthur's opinion regarding Newfield's plan to mitigate the risk is relevant to plaintiff's negligence claims. Further, the Court finds that Mr. Arthur's opinion is not based purely on speculation and does not fall outside the scope of Mr. Arthur's area of expertise. Finally, the Court finds that the majority of Newfield's objections go to the weight, and not the admissibility, of this opinion and that during cross-examination, Newfield may thoroughly question Mr. Arthur regarding all of the alleged deficiencies in his opinion.

III.    Opinion Regarding Consent and Release Agreement

Newfield contends that Mr. Arthur is not qualified to offer any opinion regarding the Consent and Release Agreement between plaintiff and Newfield. The only opinion stated by Mr. Arthur in his report regarding the Consent and Release Agreement is that the distance between the wells "is in violation of the provision in the *Consent and Release Agreement*, dated June 29, 2015, to keep completion intervals in the horizontal well at least 220 feet from the Smith 1-18." Expert

Evaluation of Singer Oil Company, LLC v. Newfield Exploration Mid-Continent, Inc. at 2, ¶ 4. The Court finds that Mr. Arthur may testify that the distance between the wells is less than 220 feet but cannot testify that there was a "violation" of a provision in the Consent and Release Agreement.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Newfield's *Daubert* Motion to Exclude Certain Testimony of Plaintiff's Expert Witness Daniel Arthur [docket no. 91] as follows:

(A)   The Court GRANTS the motion as to any opinions that there was a "violation" of a provision in the Consent and Release Agreement, and

(B)   The Court DENIES the motion in all other respects.

**IT IS SO ORDERED this 27th day of October, 2017.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE