# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINGER OIL COMPANY, LLC, an Oklahoma limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-768-M ) |
| NEWFIELD EXPLORATION MID-CONTINENT, INC., a foreign corporation domesticated to do business in Oklahoma; and HALLIBURTON ENERGY SERVICES, INC., a foreign corporation domesticated to do business in Oklahoma, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Halliburton Energy Services, Inc.'s ("Halliburton") Motion for Attorneys' Fees, filed November 29, 2017. On December 7, 2017, plaintiff filed its response, and on December 14, 2017, Halliburton filed its reply. Based upon the parties' submissions, the Court makes its determination.

In this action, plaintiff alleged that one of its vertical wells had been impacted by the completion of a horizontal well owned and operated by defendant Newfield Exploration Mid-Continent, Inc. ("Newfield"). Plaintiff alleged that Halliburton was liable to it based upon certain well services performed by Halliburton for Newfield on the horizontal well. On October 6, 2017, the Court granted Halliburton's motion for summary judgment. On November 20, 2017, the Court entered judgment in favor of Halliburton and against plaintiff. Halliburton now moves the Court to award it attorneys' fees in the amount of $77,529.50.

Plaintiff asserts that Halliburton's motion for attorneys' fees is untimely. Under Federal Rule of Civil Procedure 54(d)(2)(B), a motion for attorneys' fees must be filed no later than 14 days after the entry of judgment. Rule 54 defines "judgment" as "any order from which an appeal lies," Fed. R. Civ. P. 54(a), and further states:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Because this Court's October 6, 2017 Order granting summary judgment to Halliburton adjudicated fewer than all claims and parties, it was not a "judgment." No "judgment" was entered in this case until November 20, 2017. Halliburton filed its motion for attorneys' fees nine days after judgment was entered. The Court, thus, finds that Halliburton's motion for attorneys' fees is timely.

"The right to recover attorneys' fees is substantive and therefore determined by state law in diversity cases." *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1520 (10th Cir. 1994) (internal citation omitted). Under Oklahoma law, attorneys' fees may be awarded only when authorized by statute or under the terms of an enforceable contract. *See Burrows Constr. Co. v. Indep. Sch. Dist. No. 2 of Stephens Cty.*, 704 P.2d 1136, 1137 n.2 (Okla. 1985). Okla. Stat. tit. 12, § 940(A) provides:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's

fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Okla. Stat. tit. 12, § 940(A). Further, the "prevailing party" under § 940 "is the party for whom judgment is rendered." *Underwriters at Lloyd's of London v. N. Am. Van Lines*, 829 P.2d 978, 981 (Okla. 1992).

In its response, plaintiff asserts that because Halliburton jointly made an offer to confess judgment with Newfield and at trial, plaintiff was awarded damages against Newfield in an amount greater than the offer to confess judgment, Halliburton is not a prevailing party. Plaintiff, however, cites to absolutely no case law to support its assertion. Having reviewed the parties' submissions, as well as Oklahoma's statutory and case law, the Court finds that plaintiff's assertion is without merit. Even if two defendants make a joint offer to confess judgment, when determining whether a defendant is a prevailing party, that defendant must be viewed individually. In the case at bar, judgment was rendered in favor of Halliburton and against plaintiff. *See* November 20, 2017 Judgment [docket no. 135]. Thus, the Court finds that Halliburton is the prevailing party under § 940 and is entitled to an award of attorneys' fees.

Regarding an award of attorneys' fees, the amount of fees must be grounded on the touchstone of reasonableness. Under Oklahoma law, the reasonableness of attorneys' fees is determined using the following *Burk*[1] factors: (1) the time and labor required, (2) the novelty and difficulty of the questions presented, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience,

---

[1] *State ex rel. Burk v. City of Okla. City*, 598 P.2d 659 (Okla. 1979).

reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See Burk*, 598 P.2d at 661. The Oklahoma Supreme Court has further held that "[r]easonable value of services should be predicated on the standards within the local legal community." *Id.* at 663.

Having carefully reviewed the parties' submissions, and having considered all of the *Burk* factors, the Court finds that Halliburton's requested award of attorneys' fees is reasonable. Specifically, the Court finds that the hours expended by Halliburton's counsel are reasonable and necessary. The Court finds that the total hours expended by Halliburton's counsel are commensurate with the complexity of the case and the issues involved. The Court would also note that in this case, nine depositions were taken, multiple experts were involved, multiple attempts at settlement were tried, and several matters involved briefing. Further, the Court finds that the requested hourly rates for Halliburton's counsel are reasonable. Specifically, the Court finds that the fees sought are consistent with the rates charged by attorneys with similar qualifications and for similar work in Oklahoma City.

Accordingly, the Court GRANTS Halliburton's Motion for Attorneys' Fees [docket no. 140] and AWARDS Halliburton its attorneys' fees against plaintiff Singer Oil Company, LLC in the amount of $76,899.50.[2]

**IT IS SO ORDERED this 1st day of June, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[2] The amount of attorneys' fees requested by Halliburton included two hours that counsel anticipated would be spent in preparation for and attendance at a hearing on the motion for attorneys' fees. Since no hearing was necessary, the Court has deducted $630, which is the amount of fees for the two hours.