# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

SINGER OIL COMPANY, LLC, an )
Oklahoma limited liability company, )
                               Plaintiff, )
vs. ) Case No. CIV-16-768-M
NEWFIELD EXPLORATION )
MID-CONTINENT, INC., a foreign )
corporation domesticated to do business )
in Oklahoma; and )
HALLIBURTON ENERGY SERVICES, )
INC., a foreign corporation domesticated )
to do business in Oklahoma, )
                             Defendants. )

## ORDER

Before the Court is defendant Newfield Exploration Mid-Continent, Inc.'s ("Newfield") Motion for Judgment as a Matter of Law, Motion to Alter or Amend Judgment, for Remittitur, or in the Alternative, for a New Trial, filed December 18, 2017. On January 2, 2018, plaintiff filed its response, and on January 9, 2018, Newfield filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

This case was tried to a jury from November 8, 2017 through November 15, 2017. After deliberation, the jury returned a verdict in favor of plaintiff and against Newfield on plaintiff's private nuisance claim, negligence claim, and breach of contract claim and awarded damages in the amount of $257,000.00. On November 20, 2017, the Court entered judgment consistent with the jury's verdict. Newfield now moves the Court to amend its judgment to exclude the tort claims and to reduce the damages to $32,000, or, in the alternative, to order a new trial.

II. Applicable Standards

"Judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. We do not weigh the evidence, pass on the credibility of the witnesses, or substitute our conclusions for that of the jury. However, we must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim or defense under the controlling law." *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1450 (10th Cir. 1997) (internal quotations and citations omitted), overruled on other grounds by *TW Telecom Holdings Inc. v. Carolina Internet Ltd.*, 661 F.3d 495 (10th Cir. 2011). In considering a motion for judgment as a matter of law, the court should construe the evidence and inferences most favorably to the non-moving party. *Doan v. Seagate Tech., Inc.*, 82 F.3d 974, 976 (10th Cir. 1996).

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotations and citations omitted).

"[W]here the trial court believes that the judgment for damages is excessive, that is, it is against the weight of the evidence, the court may order a remittitur and alternatively direct that there be a new trial if the plaintiff refuses to accept it." *Holmes v. Wack*, 464 F.2d 86, 89 (10th Cir. 1972).

Finally, "[t]he decision whether to grant a new trial is committed to the informed discretion of the district court." *Ryder v. City of Topeka*, 814 F.2d 1412, 1424 (10th Cir. 1987). In considering a motion for new trial, the court must view the evidence in the light most favorable to the prevailing party. *Joyce v. Davis*, 539 F.2d 1262, 1264 (10th Cir. 1976). "[T]he party seeking to set aside a jury verdict must demonstrate trial errors which constitute prejudicial error or that

the verdict is not based on substantial evidence." *White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983). A new trial is appropriate if the verdict is "clearly, decidedly or overwhelmingly against the weight of the evidence." *Black v. Hieb's Enters., Inc.*, 805 F.2d 360, 363 (10th Cir. 1986) (internal citations omitted).

III. Discussion

    A. Timeliness

Plaintiff asserts that Newfield's motion is untimely. Federal Rule of Civil Procedure 50 provides that a renewed motion for judgment as a matter of law and/or motion for new trial should be filed no later than twenty-eight days after the entry of judgment. *See* Fed. R. Civ. P. 50(b). While the jury returned its verdict on November 15, 2017, judgment was not entered in this case until November 20, 2017. Newfield filed the instant motion twenty-eight days later on December 18, 2017. Accordingly, the Court finds that Newfield's motion is timely.

    B. Consent and Release Agreement

Newfield asserts that the Court erred in allowing plaintiff to pursue its tort claims and in failing to grant Newfield's motion for summary judgment or Rule 50 motion. Specifically, Newfield contends that the parties' Consent and Release Agreement ("Agreement") unambiguously limits plaintiff to a contractual remedy. On October 10, 2017, the Court granted in part and denied in part Newfield's motion for summary judgment. In that Order, the Court found that the Agreement is ambiguous. Having carefully reviewed the parties' submissions, the Court finds, for the same reasons set forth in its October 10, 2017 Order, that the Agreement is ambiguous.

Newfield also contends that even if the Agreement were ambiguous, as the Court held in its order denying Newfield's motion for summary judgment, the Court erred by automatically

3

construing the Agreement against Newfield, without considering the undisputed extrinsic evidence. Newfield further contends that at a minimum, the Court should have allowed the jury to determine the Agreement's meaning and that a new trial is required. A Rule 50(a) motion for judgment as a matter of law "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). "A party may not circumvent Rule 50(a) by raising for the first time in a post-trial motion issues not raised in an earlier motion for directed verdict." *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1228 (10th Cir. 2000) (internal citation omitted).

The Court has carefully reviewed the transcript of the Rule 50 arguments made at the close of the evidence in the trial of this case. At no point in those arguments did Newfield assert that the Court should consider extrinsic evidence to resolve any ambiguity in the Agreement or that the construction of the Agreement based upon the extrinsic evidence should be put to the jury. Because Newfield failed to raise these arguments, the Court finds that Newfield has waived these arguments.

C. Damages award

Newfield asserts that judgment as a matter of law, remittitur, or a new trial is required to remedy the jury's excessive damages verdict. Specifically, Newfield contends that judgment as a matter of law is appropriate because a reasonable jury would not have a legally sufficient evidentiary basis to find that plaintiff suffered $257,000 in damages. Newfield further asserts that neither party introduced any evidence that could support the jury's award. Having carefully reviewed the parties' submissions, and having heard the evidence presented during the trial of this case, and viewing the evidence and inferences in the light most favorable to plaintiff, the Court finds there is a legally sufficient evidentiary basis to support the jury's damages award.

4

Accordingly, the Court finds that judgment as a matter of law should not be granted in favor of Newfield.

Alternatively, Newfield asserts that it is entitled to a remittitur because the jury's damages award is excessive and against the weight of the evidence. Having carefully reviewed the parties' submissions, and having heard the evidence presented during the trial of this case, the Court finds that the jury's damages award is not excessive and is not against the weight of the evidence. Accordingly, the Court finds that Newfield is not entitled to a remittitur.

Finally, if the Court determines that neither judgment as a matter of law nor remittitur is warranted, Newfield asserts that the Court's erroneous admission of evidence regarding plaintiff's subjective valuation of its well at least entitles Newfield to a new trial. Having carefully reviewed the parties' submissions, and having heard the evidence presented during the trial of this case, the Court finds that Newfield has not demonstrated that the alleged erroneous admission of evidence regarding plaintiff's subjective valuation constituted prejudicial error. The Court further finds that the jury's damages award is based on substantial evidence. Finally, the Court finds that the jury's damages award is not clearly, decidedly, or overwhelmingly against the weight of the evidence. Accordingly, the Court finds that Newfield is not entitled to a new trial.

IV.     Conclusion

For the reasons set forth above, the Court DENIES Newfield's Motion for Judgment as a Matter or Law, Motion to Alter or Amend Judgment, for Remittitur, or in the Alternative, for a New Trial [docket no. 155].

**IT IS SO ORDERED this 5th day of June, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

5