# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINGER OIL COMPANY, LLC, an Oklahoma limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-768-M ) |
| NEWFIELD EXPLORATION MID-CONTINENT, INC., a foreign corporation domesticated to do business in Oklahoma; and HALLIBURTON ENERGY SERVICES, INC., a foreign corporation domesticated to do business in Oklahoma, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is defendant Newfield Exploration Mid-Continent, Inc.'s ("Newfield") Motion for Litigation Sanctions against Plaintiff, Singer Oil Company, LLC, filed December 18, 2017. On January 2, 2018, plaintiff filed its response, and on January 9, 2018, Newfield filed its reply. Based on the parties' submissions, the Court makes its determination.

On November 2, 2016, Newfield served its First Set of Discovery Requests in this case on plaintiff. Interrogatory No. 10 provides:

> Identify all persons whom you believe have knowledge of any and all relevant facts pertaining to your claims and defenses in this case, and Defendant's claims and defenses in this case, and describe the issues of which they have knowledge.

Defendant Newfield Exploration Mid-Continent Inc.'s First Set of Discovery Requests to Plaintiff, attached as Exhibit 1 to Defendant, Newfield Exploration Mid-Continent Inc.'s Motion for Litigation Sanctions Against Plaintiff, Singer Oil Company, LLC, and Brief in Support, at 9-10. Further, Request for Production No. 4 provides:

> Produce any and all documents that you have in your possession, custody, or control, including but not limited to, all communications of any kind, relating to, referring to, or in any way referencing Newfield, the Smith Well, the Edgar Well, or the subject of this lawsuit.

*Id.* at 11. Additionally, Request for Production No. 5 provides:

> Produce any and all correspondence between you and Newfield, or between you and any other person or entity, with respect to Newfield, the Smith Well, the Edgar Well or the subject of this lawsuit.

*Id.* at 12.

On November 15, 2016, plaintiff served its responses to Newfield's discovery requests. Plaintiff represented that it had fully and truthfully answered the interrogatories and had produced or would produce all responsive documents to the requests for production. After receiving plaintiff's responses and its document production, counsel for Newfield followed up with plaintiff's counsel, who confirmed that all responsive documents had been produced, and plaintiff did not claim privileged status for any unproduced documents, whether by producing a privilege log or otherwise. Neither plaintiff's response to Interrogatory No. 10 nor the documents produced in response to Requests for Production Nos. 4 and 5 were supplemented during the course of this case.

After this case was tried to a jury in November 2017, plaintiff filed its Amended Motion to Recover Attorney's Fees. Newfield asserts that upon reviewing the time records attached to plaintiff's motion for attorney's fees, it became aware, for the first time, that throughout the course of this litigation, plaintiff's attorney frequently corresponded by e-mail with numerous third parties regarding not only Newfield generally, but specifically regarding several of the issues that were disputed in this litigation and the two wells at issue in this case. Newfield further asserts that at least two of the communications took place before plaintiff served its discovery responses.

Newfield contends that under the discovery rules, plaintiff was under an obligation to disclose the communications between its attorney and third parties that had already taken place at the time of its original discovery responses and to supplement its responses when the additional communications came into existence. Newfield, therefore, contends that the Court is obligated to impose a sanction against plaintiff for its violation of the discovery rules pursuant to Federal Rule of Civil Procedure 26(g)(3) and has the discretion to impose a sanction for the failure to supplement pursuant to Federal Rule of Civil Procedure 26(e)(1)(A). Newfield specifically requests the Court to sanction plaintiff by denying plaintiff's Bill of Costs, Motion to Recover Costs, and Amended Motion to Recover Attorney's Fees.

In its response, plaintiff asserts that it did not violate the Court's orders, did not violate the spirit of the Court's orders, and did not violate the letter or spirit of the discovery code. Further, in its response, plaintiff explains each time entry referenced in Newfield's motion. Additionally, plaintiff asserts that no new documents were produced as a result of its counsel's communications with the third parties. Finally, plaintiff contends that the majority of the communications would fall under the work product doctrine.

Rule 26(g) provides, in pertinent part:

> (1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented – and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
>     (A)  with respect to a disclosure, it is complete and correct as of the time it is made; and
>     (B)  with respect to a discovery request, response, or objection, it is:
>         (i)  consistent with these rules and warranted by existing law or by a nonfrivolous argument for

> extending, modifying, or reversing existing law, or for establishing new law;
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
>
> \*     \*     \*
>
> (3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(1),(3). Additionally, Rule 26(e)(1)(A) provides:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; . . . .

Fed. R. Civ. P. 26(e)(1)(A). Further, Federal Rule of Civil Procedure 37(c)(1) provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c)(1).[1]

Having carefully reviewed the parties' submissions, the Court finds that while plaintiff may not have intentionally violated the above-referenced discovery rules, plaintiff did violate those rules by not disclosing the communications its counsel had with the third parties referenced in plaintiff's counsel's time records. Request for Production No. 5 specifically requests any and all correspondence between plaintiff (including plaintiff's counsel) and any other person or entity with respect to Newfield, the Smith Well, the Edgar Well, or the subject of this lawsuit;[2] the Court finds the communications at issue would fall within this request for production. Additionally, while these communications likely would be protected by the work product doctrine, plaintiff did not assert such and did not provide Newfield with a privilege log such that Newfield could contest any claim of privilege. However, the Court finds that based upon plaintiff's description of the communications at issue, any lack of production only had a very minimal, if any, impact on this case.

Because this Court is obligated to impose a sanction against plaintiff for its violation of the discovery rules pursuant to Federal Rule of Civil Procedure 26(g)(3), the Court must determine what an appropriate sanction would be. In light of the amount of attorneys' fees requested by

---

[1] Rule 37(b)(2)(A)(i)-(vi) sets forth the following sanctions:
    (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
    (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
    (iii) striking pleadings in whole or in part;
    (iv) staying further proceedings until the order is obeyed;
    (v) dismissing the action or proceeding in whole or in part;
    (vi) rendering a default judgment against the disobedient party; . . .

[2] While this request for production appears somewhat broad on its face, plaintiff did not object to it.

plaintiff and the amount of costs taxed, the Court finds Newfield's proposed sanction is an extremely harsh sanction not warranted by the circumstances involved. Having reviewed the parties' submissions, the Court finds an appropriate sanction would be to require plaintiff to pay the attorneys' fees Newfield incurred in filing its motion for sanctions and its reply.

Accordingly, the Court GRANTS Newfield's Motion for Litigation Sanctions against Plaintiff, Singer Oil Company, LLC [docket no. 156] and ORDERS plaintiff to pay the attorneys' fees Newfield incurred in filing its motion for sanctions and its reply.

**IT IS SO ORDERED this 5th day of June, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE