# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINGER OIL COMPANY, LLC, an Oklahoma limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-768-M ) |
| NEWFIELD EXPLORATION MID-CONTINENT, INC., a foreign corporation domesticated to do business in Oklahoma; and HALLIBURTON ENERGY SERVICES, INC., a foreign corporation domesticated to do business in Oklahoma, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Review Clerk's Cost Determination, filed January 18, 2018. On January 25, 2018, defendant Halliburton Energy Services, Inc. ("Halliburton") filed its response, and on February 5, 2018, defendant Newfield Exploration Mid-Continent Inc. ("Newfield") filed its response. Based upon the parties' submissions, the Court makes its determination.

On October 6, 2017, the Court granted Halliburton's motion for summary judgment. On November 20, 2017, the Court entered judgment in favor of Halliburton and against plaintiff. Additionally, this case was tried to a jury from November 8, 2017 through November 15, 2017. After deliberation, the jury returned a verdict in favor of plaintiff and against Newfield on plaintiff's private nuisance claim, negligence claim, and breach of contract claim and awarded damages in the amount of $257,000.00. On November 20, 2017, the Court entered judgment consistent with the jury's verdict. On November 29, 2017, plaintiff filed a Bill of Costs, and

Halliburton filed a Bill of Costs. On January 11, 2018, the Clerk of Court taxed $3,459.01 in costs in favor of Halliburton and against plaintiff and taxed $6,755.40 in costs in favor of plaintiff and against Newfield.

Plaintiff now moves this Court to review the Clerk of Court's taxation of costs. Specifically, plaintiff asserts that the Clerk erred in granting Halliburton a cost award because Halliburton was not a prevailing party entitled to costs. Further, in relation to the costs taxed against Newfield, plaintiff asserts the Clerk erred in failing to grant the entirety of plaintiff's prevailing party cost claim otherwise allowed under applicable Oklahoma law.

I.     Halliburton's Costs

Plaintiff asserts that because Halliburton jointly made an offer to confess judgment with Newfield and because at trial plaintiff was awarded damages against Newfield in an amount greater than the offer to confess judgment, Halliburton is not a prevailing party. Plaintiff, however, cites to absolutely no case law to support its assertion. Having reviewed the parties' submissions, as well as Oklahoma's statutory and case law, the Court finds that plaintiff's assertion is without merit. Even if two defendants make a joint offer to confess judgment, when determining whether a defendant is a prevailing party, that defendant must be viewed individually. In the case at bar, judgment was rendered in favor of Halliburton and against plaintiff. *See* November 20, 2017 Judgment [docket no. 135]. Thus, the Court finds that Halliburton is the prevailing party and was entitled to an award of costs. Accordingly, the Court finds that the Clerk of Court did not err in granting Halliburton a cost award.

II.    Plaintiff's Costs

Plaintiff asserts that the Clerk of Court's cost determination is too low and is contrary to law. Specifically, plaintiff asserts that the Clerk should have followed substantive Oklahoma law

and that pursuant to Okla. Stat. tit. 12, § 1101.1, plaintiff is entitled to a wide range of reasonably allowable costs, specifically expert witness fees.[1]

> Because federal procedural law governs the taxation of costs, any discretion afforded the trial court would arise under federal law, namely Fed.R.Civ.P. 54(d), and not under state law. That discretion is constrained by 28 U.S.C. §§ 1821 and 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 107 S.Ct. at 2498-99. In the absence of an explicit statutory authorization, a trial court has no discretion under Fed.R.Civ.P. 54(d) to tax the actual costs of expert witness fees. *Id.*

*Chaparral Res., Inc. v. Monsanto Co.*, 849 F.2d 1286, 1292 (10th Cir. 1988).

While Okla. Stat. tit. 12, § 1101.1 makes the award of reasonable litigation costs mandatory, and thus provides statutory authority, any state law which provides for an award of expert witness fees is preempted by federal statute, specifically 28 U.S.C. § 1821. "Congress has definitely prescribed its own requirement with respect to the fees of witnesses. The Congress has dealt with the subject comprehensively, and has made no exception of the fees of expert witnesses. Its legislation must be deemed controlling, and excludes the application in the federal courts of any different state practice." *Henkel v. Chicago, St. P., M. & O. Ry. Co.*, 284 U.S. 444, 447 (1932) (citations omitted). Thus, the Court finds that the actual costs of expert witness fees may not be taxed as costs. The Court, therefore, finds the Clerk of Court did not err in failing to award costs for expert witness fees in this case.

---

[1] Upon review of plaintiff's motion, it appears that the only specific costs plaintiff alleges should have been awarded are plaintiff's expert witness fees.

III. Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion to Review Clerk's Cost Determination [docket no. 169].

**IT IS SO ORDERED this 7th day of June, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE