# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINGER OIL COMPANY, LLC, an Oklahoma limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-16-768-M ) |
| NEWFIELD EXPLORATION MID-CONTINENT, INC., a foreign corporation domesticated to do business in Oklahoma; and HALLIBURTON ENERGY SERVICES, INC., a foreign corporation domesticated to do business in Oklahoma, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

Before the Court is plaintiff's First Amended with Correct Affidavit Motion to Recover Attorney Fees, filed December 1, 2017. On December 15, 2017, defendant Newfield Exploration Mid-Continent Inc. ("Newfield") filed its response. On January 2, 2018, plaintiff filed its reply, and on January 26, 2018, Newfield filed its surreply. Based upon the parties' submissions, the Court makes its determination.

In this case, plaintiff alleged that one of its vertical wells had been impacted by the completion of a horizontal well owned and operated by Newfield. This case was tried to a jury from November 8, 2017 through November 15, 2017. After deliberation, the jury returned a verdict in favor of plaintiff and against Newfield on plaintiff's private nuisance claim, negligence claim, and breach of contract claim and awarded damages in the amount of $257,000.00. On

November 20, 2017, the Court entered judgment consistent with the jury's verdict. Plaintiff now moves this Court to award it attorney fees in the amount of $226,990.50.[1]

"The right to recover attorneys' fees is substantive and therefore determined by state law in diversity cases." *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1520 (10th Cir. 1994) (internal citation omitted). Under Oklahoma law, attorney fees may be awarded only when authorized by statute or under the terms of an enforceable contract. *See Burrows Constr. Co. v. Indep. Sch. Dist. No. 2 of Stephens Cty.*, 704 P.2d 1136, 1137 n.2 (Okla. 1985). Okla. Stat. tit. 12, § 940(A) provides:

> In any civil action to recover damages for the negligent or willful injury to property and any other incidental costs related to such action, the prevailing party shall be allowed reasonable attorney's fees, court costs and interest to be set by the court and to be taxed and collected as other costs of the action.

Okla. Stat. tit. 12, § 940(A). Newfield does not dispute that plaintiff is entitled to attorney fees pursuant to § 940(A) based upon plaintiff prevailing on its negligence claim.

Regarding an award of attorney fees, the amount of fees must be grounded on the touchstone of reasonableness. Under Oklahoma law, the reasonableness of attorney fees is determined using the following *Burk*[2] factors: (1) the time and labor required, (2) the novelty and difficulty of the questions presented, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience,

---

[1] In its surreply, Newfield states that its counsel had several conversations with plaintiff's counsel and that plaintiff has agreed to reduce its request to remove time entries incurred for other cases, as well as a few other minor items which were initially included, and this agreement reduces plaintiff's fee request to $226,990.50.
[2] *State ex rel. Burk v. City of Okla. City*, 598 P.2d 659 (Okla. 1979).

2

reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *See Burk*, 598 P.2d at 661.

Newfield does not object to the reasonableness of plaintiff's counsel's hourly rate of $275. Newfield, however, does object to the number of hours expended by plaintiff's counsel. Newfield contends that the amount of hours expended by plaintiff's counsel is excessive. Newfield further contends that certain categories of time for which plaintiff is seeking attorney fees are not recoverable.

First, Newfield asserts that plaintiff cannot recover attorney fees for time incurred in unsuccessfully pursuing claims against defendant Halliburton Energy Services, Inc. ("Halliburton"). On October 6, 2017, the Court granted Halliburton's motion for summary judgment. On November 20, 2017, the Court entered judgment in favor of Halliburton and against plaintiff.

> A defendant should not be required to compensate a plaintiff for attorney hours devoted to the case against other defendants . . . who are found not to be liable.

*Rode v. Dellarciprete*, 892 F.2d 1177, 1185 (3d Cir. 1990) (internal quotations and citations omitted). Because Halliburton is a separate defendant who prevailed in this case, the Court finds that plaintiff cannot recover attorney fees for any time incurred by plaintiff's counsel in pursuing plaintiff's claims against Halliburton. Having reviewed plaintiff's attorney's time entries, the Court finds plaintiff is not entitled to attorney fees for the 48.74 hours ($13,403.50) plaintiff's counsel spent solely working on plaintiff's claims against Halliburton.

Second, Newfield asserts that plaintiff cannot recover attorney fees for the majority of time incurred before the lawsuit began. Having reviewed the parties' submissions, the Court finds that

plaintiff is only entitled to recover attorney fees for the time incurred before the lawsuit began that directly relates to the filing of this litigation. Having carefully reviewed plaintiff's attorney's time entries, the Court finds plaintiff is not entitled to attorney fees for the 10.01 hours ($2,752.75) plaintiff's counsel spent before the lawsuit began on matters not directly related to the filing of this litigation.

Third, Newfield asserts that plaintiff cannot recover attorney fees for its voluntarily dismissed ultrahazardous claim. In the parties' Joint Stipulation of Dismissal with Prejudice of Plaintiff's Ultrahazardous and Inherently Dangerous Activity Claim for Strict Liability [docket no. 50], the parties state that all parties are to bear their own attorney fees in relation to this claim. Accordingly, the Court finds that plaintiff may not recover attorney fees for any time spent on its ultrahazardous claim. Having carefully reviewed plaintiff's attorney's time entries, the Court finds plaintiff is not entitled to attorney fees for the 11.5 hours ($3,162.50) plaintiff's counsel spent on plaintiff's ultrahazardous claim.

Fourth, Newfield asserts that plaintiff cannot recover attorney fees for time incurred learning about the law. The Tenth Circuit has held:

> time spent reading background material designed to familiarize an attorney with an area of law is presumptively unreasonable. When counsel is inexperienced, a losing party should not be obligated to pay for that counsel's legal education.

*Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1258 (10th Cir. 2005) (internal citations omitted). Accordingly, the Court finds that plaintiff may not recover attorney fees for any time spent by its counsel familiarizing himself with an area of law. Having carefully reviewed plaintiff's attorney's time entries, the Court finds plaintiff is not entitled to attorney fees for the 12.6 hours ($3,465.00) plaintiff's counsel spent familiarizing himself with areas of law.

Fifth, Newfield asserts that a small number of plaintiff's counsel's time entries for conferences and/or mediations do not reflect the actual amount of time spent at the conferences and/or mediations. Having carefully reviewed the parties' submissions, the Court finds that these entries should be reduced. Having carefully reviewed plaintiff's attorney's time entries, the Court finds that the award of attorney fees should be reduced by 12.17 hours ($3,346.75).

Finally, Newfield asserts that the apportionment rule forbids plaintiff from recovering for fees incurred in pursuing its failed claims and non-fee bearing claims. Under Oklahoma law,

> [i]n a case involving multiple claims where prevailing party attorney fees are authorized for only one claim, the law dictates that the court "apportion" the fees so that attorney fees are awarded only for the claim for which there is authority to make the award.

*Tsotaddle v. Absentee Shawnee Hous. Auth.*, 20 P.3d 153, 162 (Okla. Civ. App. 2000). Further, "Oklahoma does not have an 'inextricably intertwined' theory upon which attorney fees do not have to be apportioned if the claims are closely related." *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001-02 (10th Cir. 2008). Finally, "[a]n attorneys' fee applicant bears the burden of proving that the time and labor for which he seeks compensation are reasonable and that they relate to a claim for which fees are recoverable." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1553 (10th Cir. 1996).

As set forth above, plaintiff is entitled to attorney fees only as to its negligence claim against Newfield. Accordingly, the Court must apportion the fees so that attorney fees are awarded only for plaintiff's negligence claim. Further, plaintiff bears the burden of proving that the attorney fees it seeks are related to its negligence claim.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff, in neither its motion nor its reply, has set forth a sufficient apportionment of the requested attorney fees so that attorney fees will be awarded only for plaintiff's negligence claim and that this Court,

5

therefore, must apportion the requested fees. In addition to the reductions set forth above, the Court finds that plaintiff is not entitled to recover attorney fees for any time spent on its failed claims and non-fee bearing claims.[3] Having carefully reviewed plaintiff's attorney's time entries, the Court finds plaintiff is not entitled to attorney fees for the 44.43 hours ($12,218.25) plaintiff's counsel spent on plaintiff's failed claims and non-fee bearing claims.

Additionally, having reviewed plaintiff's counsel's time entries, the Court finds plaintiff has failed to meet its burden of proving that all of the attorney fees it seeks are related to its negligence claim. The Court finds that while a great deal of discovery, pretrial work, trial preparation, and trial time would involve issues that related to plaintiff's negligence claim, as well as plaintiff's other claims, there would be some issues, and hence time spent on these issues, which would only relate to plaintiff's failed claims and non-fee bearing claims. Plaintiff has made no real attempt to apportion the time entries, i.e., reducing the amount by a certain percentage, to account for these issues. Accordingly, in light of the above, the Court finds that a general 15% reduction will be used to further apportion to account for time spent on failed claims and non-fee bearing claims.[4]

In its motion for attorney fees, plaintiff requests, as a form of equitable fee enhancement, that an hourly rate of $400 be applied to plaintiff's counsel, instead of plaintiff's counsel's typical hourly rate of $275. Upon review of the parties' submissions, and being intimately familiar with

---

[3] The Court would note that not all the time spent in relation to the parties' Consent and Release Agreement should be excluded. Throughout this litigation, Newfield argued that based upon the Consent and Release Agreement, plaintiff could only bring a breach of contract claim and could not assert its negligence claim. Any time spent responding to this argument would be compensable as it directly impacts the viability of plaintiff's negligence claim.

[4] Based upon the above reductions, the total attorney fees is $188,641.75. The general 15% reduction will be taken from this amount and results in a total attorney fee award of $160,345.49.

this case and the work of counsel in this case, the Court finds that plaintiff's requested enhancement is not appropriate.

Finally, having carefully reviewed the parties' submissions, and having considered all of the *Burk* factors, the Court finds that an award of attorney fees in the amount of $160,345.49 is reasonable. Accordingly, the Court GRANTS IN PART plaintiff's Motion to Recover Attorney Fees [docket nos. 144 and 147] and AWARDS plaintiff its attorneys' fees against defendant Newfield Exploration Mid-Continent Inc. in the amount of $160,345.49.

**IT IS SO ORDERED this 8th day of June, 2018.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE